Next case is United States v. Thomas David Winebarger. Good morning, Your Honors. Good morning. May it please the Court, Stephen Serti here on behalf of the appellant, the United States of America. I would request three minutes for rebuttal. Granted. Thank you. The United States appeals this case because of compounded errors committed by the district court in fashioning a roughly one-month sentence for an armed career criminal facing a statutory minimum sentence of 15 years. As a result of these errors, the United States argues that the sentence was both procedurally and substantively unreasonable and should be reversed. I guess your first argument is whether non-assistance factors can be used to take something as low as it went. Well, actually, that would be perhaps our biggest argument, but it might actually be the second argument behind the kind of threshold issue that arises out of cases like Vampire Nation Brown and this Court's Fumo decision, which was issued after my brief was submitted. Basically making clear that if the court is going to, the sentencing court is going to issue a departure or decide to grant a departure motion. But there is no departure. I mean, I think 3553E has to be your primary argument, doesn't it? Because we've got a mandatory minimum here. Right. The point I was trying to make, Your Honor, was from particularly some language in Fumo saying that if the court is going to grant a departure, as it did here under 3553E. You mean a departure of Step 2 or a variance of Step 3? I'm sorry. That's what I was questioning you. In other words, Step 1 is the sentencing guidelines. Correct. Step 2 is if anybody makes a motion for a departure from those sentencing guidelines, which I guess you did, at least in terms of the assistance factor pertaining to the mandatory under E. Correct. Then the court takes that into account. And then Step 3, the court puts that in as a factor for consideration under 3553A. And that would be the variance. I thought what you were saying at the outset is, look, to go from 135 to 168 months under the sentencing guidelines down to one month served is such a variance that under Fumo, et cetera, you just can't do it. Well, it's problematic as a variance. It's problematic as a departure. Well, he granted your departure. He granted the departure, however, did not specifically say, excuse me? The 5K1, right? 5K1, 3553E. It was filed under both. Granted that departure, but then did not indicate how that would affect the guideline calculation, which is something that this court in Fumo said was necessary. Initially, there was some concern because there was a page loss that he, that maybe you perceived that you were, he perceived that you were asking him to go below the guidelines, which, of course, you weren't. Right. And that is what sparked our 35, Rule 35 motion after the sentencing, and the court made clear that actually it made no difference in the decision that he made. Your argument about 3553 and the limitation to considerations of substantial assistance was never made in the district court. That is correct. So that would have to be plain error here, would it not? Well, there was an objection raised to the ultimate sentence that was promulgated. No, but that was because they didn't have the page and didn't know you were recommending 135. Sure, sure. It wasn't, Judge, you did the wrong thing because you can't do this on any basis other than substantial assistance. Right. That specific argument was not raised by the trial, I would say. So when we read 3553E, we have to find that under our case law, it is so plain as to what he should have done that it's plain error. Well, we think it's not just under the case law. It would be under the statute, 3553E and 5K1 in the language within there as well, which limits these types of departures to reflecting the assistance provided. Well, it says, you know, I'm not sure it does. It says, has authority to impose so as to reflect substantial assistance, da-da-da-da, period. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission. Whoa, that seems to open Pandora's box. If they'd want it to be only as to substantial assistance, I can't imagine that they wouldn't have just put a period. What do the guidelines have to do with it? Substantial assistance is what it is. Well, 5K1.1, there's the guideline dealing with substantial assistance and a departure under that guideline, which does set forth specific things that are to be considered. And, in fact, the judge here did examine some of those when deciding whether to grant the departure in the first place. But, I mean, 28 U.S.C. 994 is not just 5K1. It's the whole ball of wax, right? Yes. Now, we would argue that you look at the statutory scheme, and you have in Congress deciding that if someone is an armed career criminal, they are going to be subject to a 15-year mandatory minimum sentence. The 3553A factors and everything else that has to do with the guidelines, no matter how much a judge considers those, you can't go below that 15, and then sets forth in 3553E a very narrow limited exception saying, well, in the case of someone who's providing substantial assistance, we're going to allow the door to be opened a little bit to make a departure and reduce below that minimum. I guess from the United States perspective, we don't see that as then opening the door and saying, okay, everything gets considered once again, and we're going to toss out Congress's consideration. Right, but I'm just wondering what, then why would they refer to guidelines and policy statements under the guidelines? If it's, you know, if you've got 15 years, and you're reflecting substantial assistance, and you say, oh, well, it was really good assistance, so I'll give a two-level down and give you, you know, 100 months instead of 135. How does that impose in accordance with the guidelines and policy statements? To me, that brings in all the other considerations that you're saying don't get considered. Well, if that's what that means to you, then I don't think I'm going to get your vote on this case. What does it mean to you? I think what I'm trying to say is it means it brings in the considerations that revolve around substantial assistance, 5K1.1. I understand your point that it brings in all of the things. It references 924 and all of the guidelines. The guidelines change over time, and, you know, the statute doesn't. And so I think there's probably some leeway built into the statute to understand that there may be changes to 5K1.1 or other departure motions that might be filed under the guidelines, and they didn't necessarily want to restrict it. I don't think the United States would agree that it throws the door open to considering absolutely everything under the guidelines or the 3553A factors. Let's assume you're right that you can only deal with assistance factors. You're saying that if you go below the mandatory minimum under a 5K1.1 and a 3553E, that you can only take into account assistance. Now, what happens if, can the court take into account non-assistance factors if it wishes to say, okay, otherwise I would have gone down by X number of months, but I'm not going to go that far because of non-assistance factors? In other words, can the arrow point your way with non-assistance factors under 3553E? Well, under this Court's reasoning in the Cassiano case, which was pre-Booker and dealt with 5K1, this Court has said that, yes, that's a markedly different position because the limitation that Congress is putting in in 3553E is on the extent of the departure and how far down the sentence reduction is going to go. That sounds like a heads-I-win-tails-you-lose type of proposition. It may very well be that way, but I think this Court's reasoning in Cassiano set forth why that might be a reasonable result. And, again, dealing specifically with 5K1 and pre-Booker, I understand that things might have changed somewhat after that, but it's nonetheless somewhat persuasive. As far as the government's position limiting the use of 3553A factors, the standard variance factors, once you are using a 3553E departure to go below the statutory minimum, that's the approach that the Eighth Circuit took en banc in the Burns decision, also then adopted by the Tenth Circuit in its AB decision, basically saying what I've been arguing here today on behalf of the United States. Now, as the second point that I made in the brief with regards to if this is characterized as a variance, there are still problems with this sentence. Well, how far below the statutory maximum could the district court have gone given the level of assistance that Mr. Weinbarger actually provided? How far could it have gone? Yeah. I mean, you're saying it had to stop at 135 months? Couldn't go any further below that? Well, we wouldn't make that argument. I wouldn't say that it had to stop at 135. The district court obviously has some discretion. The recommendation of the United States, whether that last page is actually attached on the filing or not, was certainly that it be in the 135 to 168-month range. The district court certainly has discretion, may have decided to go lower, and even if it had, I don't necessarily know that we would have been here appealing that decision. Your point is that the one month is beyond the pale? The 15-year mandatory minimum to one month and three days, we do think is an abuse of discretion in that case. It goes a little bit beyond what's reasonable. I have no further questions. I have nothing. No? Nothing. Good morning. May it please the Court. My name is Robert Hoff. I represent the appellee, Thomas David Weinbarger. One thing I wanted to clarify, there was not a 5K1 motion filed in this case. The motion that was filed by the government was to depart from the mandatory minimum, so that's the 3553E. All right. So we're not dealing with a 5K. Okay. Now, I think the government's reading of 3553 is overly broad, and when we look at that statute, the only limitation that is inferred there is you need the motion by the government in order to depart from the mandatory minimum sentence. There's nothing in the wording of 3553E that gives this Court any guidance or that suggests that the government is correct by saying there is a limited authority to go where. But they're making a couple of points. You can, I mean, as they said, the Court could even go below 135 months under the sentencing guidelines or the recommendation under the sentencing guidelines. But it can't go as far as it did and take into account non-assistance. First of all, it cannot take into account non-assistance factors. 3553E is limited to assistance. And when you take into account all these other factors, it doesn't work. Secondly, they're arguing that it's just substantively unreasonable to go from 15 years, 180 months, down to one month. Well, and I understand that. However, I think we have to look at the overall picture of what occurred in this case. And one thing I found that was, being trial counsel, I was present. There was never a ruling on the armed career criminal status of Mr. Weinbarger until after the government filed their motion for departure from the mandatory minimum. When we appeared at the hearing on the date of the sentencing, was the first the trial court had ever even mentioned that he determined Mr. Weinbarger to be an armed career criminal. So we went into this hearing not knowing where we were going as far as are we going to proceed to sentencing today or are we not. So I think when you take that into consideration, that the trial court was relying on that government's motion before he made the determination of the armed career criminal, it gives you a sense of what the trial court was contemplating. Yeah, it's kind of not fair. But then you also didn't cross-appeal the armed career criminal. Oh, no. Well, I was satisfied, obviously, with the sentence he received. No, but I mean you didn't cross-appeal before us in the event that the government is correct. Well, no, we didn't. Because, frankly, with the sentence that was imposed and with the authority, I think, the trial court has, I think he's correct. But when we're talking about the substantial variance, let's look at the guideline calculations without the career criminal status. But you can't. Well, I think you have to. You start from the prospect that under law he should get a 15-year mandatory minimum. Once the determination for the armed career criminal status is made, correct. But I think, Your Honor, what the trial court did was he went through, when he calculated the guidelines, the first step required now in the sentencing process, he started off at the 8 to 14 months and said, this is what it would be. However, with you being an armed career criminal, it goes to this. Now, I never even asked for a variance because for the first time in my 29 years, the court came out and told us prior to imposing the sentence what he intended to do. The court comes out and, excuse me, basically says, I'm giving you supervised release. So I think we have to look at this more, it's a departure as opposed to a variance. There was never a request for a variance. But if the law required 15-year sentence, then how did the, I mean, where there's a mandatory minimum, everything goes out the window. Absolutely. Other than a 3553E. And that's what was filed. Exactly. The 3553E was filed by the government and the trial court took the position that at that point in time, I am free to, in fact, it says, in conjunction with the sentencing guidelines. Well, the sentencing guidelines are advisory. And he did consider the 3553A factors in imposing the sentence. He looked at the individual's age. He looked at the individual's health. He made comments about the type of crime it was and rendered his opinion as to whether it was actually an illegal act or not an illegal act. How are all the other circuits wrong, all the other courts of appeals wrong in saying that when it says limited authority and says the court should have the authority to impose below so as to reflect the substantial assistance, period, and they've read it to say that is the limited authority to do anything other than 15 years. How do we then affirm the district courts doing anything other than that limited thing? Well, Your Honor, this court, different from all the other circuits, even in the Cassiano case, when this court. Cassiano was a 5K1.1 case, right? It was, yes. But that's different. There was no exceeding of authority there because it was a 5K1 and there was discretion as to how far to go. Here, this is an indication of the scope of the authority. The district court has no authority to go below 15 years, none, other than for substantial assistance. Okay. Then the motion is filed and that gives the trial court or the district court the opportunity to impose a sentence below that. Now, in light of Booker, in light of Gall, the trial court then has the opportunity to impose whatever sentence he deems appropriate so long as he takes into consideration the 3553A factors. And in this case, he went through the 3553A factors and it was his determination that a sentence of 30 days followed by supervised release was an appropriate sentence. And, Your Honor, we talk about similar, you know, the concern about How can it be? I mean, isn't it substantively unreasonable under Lyshock? I mean No, I think when you, because you have to find a similarly situated defendant that there would be something substantially, you know, a substantial difference. But the factors he considered weren't really guideline factors. Well, certainly they were, Your Honor. When you talk about, he talked about his health and the need for medical attention. He talked about his age. He talked about his prior criminal conduct. He talked about how this weapon was being used. And, Your Honor, having lived in Bucks County and relocated to Williamsport, I can explain to you Bradford County thinking is a little bit different than thinking would be in a major metropolitan area. I don't take judicial notice of that. But I get your drift. Yes. We were talking about a man who has no running water, who lives in a trailer, and has used the hunting rifle for the purpose of feeding himself. That was when the court was determining, saying he's not even sure he used it illegally. I think he was making the point that this is not a man walking down the street carrying this weapon. Although, as a felon, he's not allowed to have the gun, right? Absolutely. Congress has said he should get a 15-year mandatory minimum. Except when the government files a motion, and they filed a motion. For substantial assistance. Right. And I think that opens up the door. And I understand the Third Circuit in Burns or the Eighth Circuit in Burns case takes a different approach. But, as I say, this court took a different approach even in the Cassiano case, saying you can consider these things. The other point I'd like to make is when we talk about this court's ability to review what has occurred here, in U.S. versus Torres, the Third Circuit indicated that they lacked jurisdiction to review the extent of the district court's discretionary downward departure for substantial assistance. Meaning, considering the factors. In that case, it was the defendant who was complaining, who had raised the appeal. And the court said, well, we really can't, we don't have jurisdiction to review that issue. And I think it should be on the other foot as well. The extent of the departure, as long as there is a basis in what the trial court found, I don't think this court has the authority to go and put yourself in that position of reviewing it. I understand the standard is, is it substantively reasonable? But, again, I think you have to consider that the trial court is the one who's sitting there in front of this gentleman who has read the pre-sentence report, who has been through all those, and it's his determination that that 30-day sentence, a little more than 30 days, was an appropriate sentence under these circumstances. All right. Any questions? No, sir. Thank you. Thank you. Mr. Srudde? Just briefly, Your Honor. On opposing counsel's final point about whether this court is able to look at a discretionary determination, I think it first has to get through the threshold issue of whether there was a proper use of discretion, and that's what we're arguing about here. There's obviously a stark difference between what opposing counsel and the United States believe 3553E allows a court to do once a motion is filed. In getting to the point very briefly that opposing counsel was making about the factors that were considered, the non-substantial assistance factors that were considered by the district court, they didn't track very closely with what is required by 3553A. Yes, he talked about medical costs, but the concern was not, or medical care, but the concern wasn't so much about whether he could get adequate care in BOP custody, but how much it would cost the taxpayer, which is not a factor that's listed under 3553A. Unless there are any further questions, I have nothing more to add. No, that's fine. Thank you. All right. Thank you. Case is well argued. Take it under advisement.